IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE BRIDGES,

     Petitioner,                            No. CIV S-08-2316 JAM GGH P

    vs.

DARREL ADAMS, et al.,             <u>ORDER AND</u>

     Respondents.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2006 prison disciplinary conviction for conspiracy to murder peace officers in violation of Cal. Code Regs. tit. 15, § 3005(c).

        This action is proceeding on the original petition filed October 1, 2008, raising the following claims: 1) inadequate notice of the charges; 2) insufficient evidence to support the charges; 3) denial of right to impartial classification committee.

        Pending before the court is respondent's motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully reviewing the record, the court recommends that respondent's motion be granted.

/////

/////

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Where, as here, the petition contests an adverse administrative decision of a prison disciplinary proceeding rather than a state court judgment, § 2244's one-year limitation period still applies and the date the statute of limitations begins to run is determined under subparagraph (D) of § 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in prison disciplinary cases that usually will be the date the administrative decision becomes final. See Shelby v. Bartlett, 391 F.3d 1061, 1063-66 (9th Cir.2004); see also Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) Subparagraph (A) of § 2244(d)(1) does not apply in prison disciplinary proceedings cases because the decision constitutes an administrative ruling, not a state court judgment. Redd, 343 F.3d at 1081-82.

/////

/////

In the instant case, the statute of limitations ran from July 13, 2006, i.e. the date the Director's Level Appeal decision was issued denying petitioner's administrative appeal. See Petition, attached exhibits, p. 41 of 42.[1] Petitioner had one year from that date to file a timely federal petition.

In his opposition to the pending motion, filed February 9, 2009, petitioner argues that he filed a second administrative grievance which was exhausted on September 27, 2006. Attached to the opposition as Exhibit A is a copy of the second grievance filed at the first level of review on June 22, 2006. In this grievance, petitioner contends that his investigative employee, Officer Marsh, predetermined his guilt. Petitioner contends that Officer Marsh demonstrated this bias when he reviewed and signed 4 disclosure forms and issued two different crime reports which enabled him to falsify 80 answers to 105 questions addressed to witnesses. Also attached to the opposition as an exhibit is a letter dated September 27, 2006, to petitioner from the Chief of Inmate Appeals returning this appeal because petitioner failed to complete the second level of review. Also attached as exhibits are interview requests forms in which petitioner complains that prison officials at High Desert State Prison failed to process his second grievance.

By filing a second round of administrative grievances, petitioner did not upset the finality of the first grievance. To find otherwise would mean that the statute of limitations could run indefinitely for prison disciplinary convictions if prisoners filed serial administrative grievances. Moreover, this court observes that petitioner's first administrative grievance raised the claims against Officer Marsh that are raised in the second grievance. See exhibits attached to petition, p. 39 of 43. A duplicative grievance most certainly does not upset the finality of the first grievance.

\\\\\

---

[1] After petitioner was originally found guilty of the charges, the conviction was *twice* ordered reissued and reheard "due to procedural and due process violations." See exhibits attached to petition, Director's Level Decision, p. 41 of 43. The Director's Level decision addresses the final rehearing of the charges. Id.

3

In his opposition, petitioner also argues that he pursued other administrative remedies including a request sent to the Officer of Internal Affairs. Petitioner's pursuit of claims with other administrative agencies is not relevant to the court's determination of whether this action is barred by the statute of limitations.

For the reasons discussed above, the instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Petitioner filed his first state habeas petition on August 24, 2007, in the Kings County Superior Court. Motion to Dismiss, Exhibit A. Because this petition was not filed within one year of July 13, 2006, petitioner is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).[2]

Petitioner argues that it would be a miscarriage of justice for the court to dismiss his petition. Neither the Supreme Court nor the Ninth Circuit has decided the legal question of whether the AEDPA statute of limitations is overridden by the "miscarriage of justice" exception to procedural default. Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007); Majoy v. Roe, 296 F.3d 770 (9th Cir.2002). Assuming, however, that extending the miscarriage of justice or actual innocence exception to the AEDPA statute of limitations follows logically from the rule excusing procedural default on a showing of actual innocence, petitioner has not met the burden of proof required for the actual innocence exception under controlling Supreme Court precedent.

\\\\\

---

[2] Neither party has provided the court with a copy of the petition filed in the Superior Court. For that reason, the court does not know the date on which petitioner mailed it to the Superior Court. However, it is clear that because this petition was filed with the Superior Court over one month after the limitations period ran, application of the mailbox rule would not entitle petitioner to statutory tolling.

4

In his opposition, petitioner argues that respondent should be required to disclose various documents so that he may prove his innocence. On January 28, 2009, petitioner filed two motions to compel respondent to produce all non-confidential and confidential information associated with his disciplinary conviction, crime incident reports, Department of Justice arrest and court action forms, all documents related to his disciplinary conviction, records of interviews with inmates.

According to the records from the disciplinary proceedings attached to the petition, petitioner was convicted based on "reliable information" from more than one independent source that he along with several other inmates conspired to murder several peace officers. According to the record, the plans to murder these officers were quite specific. Weapons were found in the cell of a co-conspirator.

In the petition, petitioner does not argue that he is actually innocent of the offense. Rather, his argument in support of his insufficient evidence claim is that the rules violation report did not state the date, time, or place the alleged conspiracy occurred. Petitioner does not attack the credibility of confidential informants on which his conviction is based or otherwise offer evidence undermining their credibility. As he did in his state habeas petition, petitioner makes "[n]o allegation of fact support[ing] a conclusion that the administrative finding was totally without support or evidence." See Exhibits attached to petition, p. 34 or 43. The court will not allow petitioner to go on a discovery "fishing expedition" so that he may investigate an actual innocence claim not raised in the petition. The motions to compel are denied and the court finds that no miscarriage of justice will occur if this petition is dismissed.

A second reason exists for finding petitioner's opposition without merit. Section 2241(d)(1)(D) permits a prisoner one year to file his petition from the time he finds out about the factual predicate of his claim, including one based on actual innocence. It would be perverse to find that a prisoner who knows of his innocence may "sit" on an actual innocence claim, and not bring it at the earliest opportunity. There is no need for an actual innocence exception to the

AEDPA limitations statute because the statute itself allows for such claims to be made in a timely manner after the factual predicate is discovered.

Petitioner makes no argument in support of equitable tolling.

For the reasons discussed above, the court finds that respondent's motion to dismiss on grounds that the petition is barred by the statute of limitations should be granted.

Accordingly, IT IS HEREBY ORDERED that petitioner's motions to compel filed January 28, 2009 (nos. 16, 17), are denied; and

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (no. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

bri2316.mtd